NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEONARD WILLIAMS, | : | Civil No. 10-2367 (DMC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| MARIA DARGAN, etc., et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

> LEONARD WILLIAMS, #213874, <u>Pro Se</u>
> Hudson County Correctional Center
> 35 Hackensack Avenue
> Kearny, New Jersey 07032

**CAVANAUGH, District Judge**

Plaintiff Leonard Williams, who is currently incarcerated at Hudson County Correctional Center, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. This Court will grant <u>in forma pauperis</u> status. As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

### I. BACKGROUND

Plaintiff asserts violation of his constitutional rights by Salamatu Sessay and Ana Pineiro, both employed by the New Jersey Division of Youth and Family Services ("DYFS"), and three police officers, Maria Dargan, William Caicedo and Sgt. Rosario. He asserts the following facts, which this Court is required to regard as true for the purposes of this review. <u>See</u> <u>Stevenson v.</u>

Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff asserts that on October 17, 2008, defendant police officers arrested him from the premises located at 40 Jewett Avenue, Jersey City New Jersey, for sexual assault and took him to the police station.  Plaintiff asserts that he gave an incriminating statement during the interrogation that was not voluntary, and that his request for an attorney was not honored.  Plaintiff alleges that on October 20, 2008, officials videotaped formal statements of the victims, Plaintiff's 11-year old (step)daughter (AC) and a 12-year old girl (GG).

Plaintiff maintains that criminal complaints filed against Plaintiff for sexual assault and other offenses involving the above children state, according to Plaintiff, that "probable cause for the arrest is the suspect's formal statement and the alleged victim['s] formal statement which w[ere] taken after the arrest.  This information of probable cause does not mention an informer or anyone else supplying hearsay information or any other information.  It states, only the plaintiff's and the alleged victim A.C. statements created probable cause to arrest the plaintiff neither of which the detectives had at the time of arrest at the plaintiff's home, on October 17, 2008."  (Docket Entry #1-2, p. 6.)  Plaintiff contends that his arrest violated the Fourth Amendment because the police lacked probable cause prior to making the arrest, since they obtained probable cause only after he was arrested.

Plaintiff further contends that the police violated his Fourteenth, Fifth and Sixth Amendment rights by eliciting an incriminating statement from him.  He elaborates:

> [T]he police interrogated the plaintiff about a subject matter
> without knowledge or details of the subject matter or knowledge of
> a crime committed against this person and proceeded to coerce the
> plaintiff to admit to a crime that the plaintiff did not commit.  By
> way of deceptive tactics the detectives fabricated and thought of

questions to interrogate the plaintiff with and later swore and affirmed by oath that this alleged victim's statement was going to equal probable cause or this alleged victim was going to make these statements or accusations. The defendant was arrested on October 17, 2008 and the detectives interviewed the alleged victim on October 20, 2008.

The use of this illegal seizure and moving of the plaintiff from his home, to a secluded location at nighttime, begins the police misconduct of police actions. From the police misconduct by way of threats, psychological pressure, coercion, personal space encroachment, extortion, deception and other tactics know[n] to produce involuntary admissions, the officers obtained an involuntary admission of guilt and additional information. These acts and tactics began the violation of the plaintiff's Fifth Amendment right by compulsion.

By virtue of their public position under state government entity the police actions involved in the continuous investigation caused the plaintiff to be a witness against himself in violation of his fifth amendment right, the compulsion began with the illegal arrest and transportation of the plaintiff to a secluded area. This violation was completed by the police detectives informing the department of children and families/division of youth and families services (DFC/DYFS) of the plaintiff's forced admission on October 17, 2008 at 11:30 pm . . . .

The plaintiff's sixth amendment right to counsel was violated inadvertently by the police misconduct, yet it is a violation none the less, by placing the plaintiff in fear for his safety. The plaintiff did try to assert his right to counsel, during the course of the interrogation, which was eventually ignored, delayed, and denied by the detective and fear the detective produced and caused. The plaintiff in fear of harm and not wanting to be harmed could not demand and effectively assert his rights, although he made the futile attempt to assert his rights.

(Docket Entry #1-2, pp. 15-16.)

Finally, Plaintiff asserts that DYFS workers Sessay and Pineiro violated his constitutional rights by misconstruing three of his statements and performing a negligent investigation.

3

Specifically, he asserts that defendant Sessay reported that Plaintiff stated to the victim either that "All women are whores and little girls are porno" or "All women are whores and little girls are pure," but Plaintiff insists that he made the statement "All women are whores" in response to the an adult's statement that "All men are dogs." (Docket Entry #1-2, pp. 2-3.) Plaintiff further alleges that defendants misconstrued his response to their question, "How would you like it if a 32 year old man was touching your kids?" (Id. at 3.) He admits that he responded "Only if it's me," but he insists that he meant this in a disciplinary sense, not a sexual sense. (Id.) Finally, Plaintiff states that defendants excluded from the report his reasons for leaving his home in a hurry. (Id.)

Attached to the Complaint are 31 pages of documents regarding Plaintiff's criminal prosecution: Hudson County Prosecutor's Office Special Victims Unit, Supplemental Investigation Reports, dated October 30, 2008, October 20, 2008, October 17, 2008, September 10, 2008, February 4, 2009 (Docket Entry #1-2, pp. 21-23, 26, 27, 31); State v. Williams, Complaint No. 0906-W-2008-010400 (Oct. 17, 2008) (Docket Entry #1-2, p. 24); State v. Williams, Complaint No. 0906-W-2008-010399 (Oct. 17, 2008) (Docket Entry #1-2, p. 25); DYFS Screening Summary dated October 18, 2008 (Docket Entry #1-2, p. 32); Arrest Report dated Oct. 17, 2008) (Docket Entry #1-2, p. 44); Police Report dated July 1, 2008 (Docket Entry #1-2, p. 49); and DYFS Screening Summary dated Aug. 20, 2008 (Docket Entry #1-2, p. 50).

For relief, Plaintiff seeks damages of 41 million dollars and injunctive relief vacating the criminal pending criminal proceeding.[1]

_____

[1] Because this Court is dismissing the Complaint in the entirety for failure to state a claim upon which relief may be granted, this Court cannot grant any relief to Plaintiff. In any event, even if the Complaint stated a claim, injunctive relief with respect to the pending criminal

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience

charges is barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which forbids federal court interference in pending state court criminal proceedings.

5

and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal and Twombly,

a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, __ F. 3d __, 2010 WL 5071779 at *4 (3d Cir. Dec. 14, 2010); see also Fowler, 578 F.3d at 210-11 ("a complaint must do *more than allege the plaintiff's*

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

*entitlement to relief.* A complaint has to "show" such an entitlement with its facts") (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether any claim raised in the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

7

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). This Court construes the Complaint as raising the following potential claims: (A) Plaintiff's arrest and incarceration pursuant to the arrest violated the Fourth Amendment; (B) Plaintiff's statement to police violated due process and the Fifth and Sixth Amendments; (C) DYFS defendants conducted a negligent investigation in violation of due process; and (D) defendants are maliciously prosecuting Plaintiff in violation of the Constitution.

A.  Unconstitutional Arrest

Plaintiff complains that his arrest on the evening of October 17, 2008, violated his rights under the Fourth Amendment because the police lacked probable cause. Plaintiff relies on criminal complaints filed against him by the police which state that probable cause for the criminal charges is based on Plaintiff's in-custody statement to police and the official videotaped statements of the child victims, both of which occurred after the police arrested Plaintiff.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

"[W]hen an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally

8

reasonable." Virginia v. Moore, 553 U.S. 164, 171 (2008). "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested." [3] Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); accord Revell v. Port Authority of New York, New Jersey, 598 F. 3d 128, 137 n.16 (3d Cir. 2010). "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." Hughes v. Meyer, 880 F. 2d 967, 969 (7th Cir. 1989).

In this case, Plaintiff maintains that the criminal complaints filed by police demonstrate that the police did not have probable cause for arrest until *after* police arrested Plaintiff on October 17, 2008. To be sure, the criminal complaint charging Plaintiff with crimes against AC states: "Probable cause of the issuance of this complaint is the formal statement of A.C. and the formal statement of the suspect." (Docket Entry #1-2, p. 25.) The criminal complaint charging him with crimes against GG states: "Probable cause of the issuance of this complaint is the suspect's formal statement." (Id. at p. 24.) However, the police report prepared by Maria Dargan dated October 20, 2008 (attached to the Complaint) clarifies that the police arrested Plaintiff on the evening of October 17, 2008, *after* they interviewed his (step)daughter Aazhae, who reported being sexually assaulted by Plaintiff. The police report states:

---

[3] The Fourth Amendment does not necessarily require the issuance of an arrest warrant prior to arrest (and imprisonment pursuant to that arrest), but prohibits a police officer from arresting a citizen without probable cause that the person has committed or is committing a crime. Cf. Albright v. Oliver, 510 U.S. 266, 274-75 (1994).

I asked Aazhae if she was ever hurt before and she stated by her father (in a loud cry). I attempted to ask more questions but Aazhae was crying too hard. I asked her to point to the body parts where her father hurt her and Aazhae pointed to her butt and private part. Aazhae said (by pointing) that her father touched those parts of her with his penis and his mouth. She stated she was 10 and 11 years old but she could not state how many times it occurred because she said "it's too hurtful." Aazhae said her siblings were home at the time but they were sleeping and her father told her "shhh" (for further details see recorded interview).

Upon completion of the interviews, Det. Phillips and I transported Malicta and her children back to their residence. At the same time, Det. Caicedo, Det. Toro, and Det. Rivera proceeded to 40 Jewett Ave in Jersey City and placed Leonard under arrest. Leonard was transported back to the Special Victims Unit and interviewed prior to being processed. I initially began the interview and Det. Caicedo completed. For details of Leonard's recorded interview, refer to Det. Caicedo's report.

(Docket Entry #1-2, p. 23.)

Thus, the police report establishes that officers took Plaintiff into custody on October 17, 2008, *after* AC told Det. Dargan that Plaintiff had sexually assaulted her. Because AC's informal statement to police (before Plaintiff's arrest) provided probable cause to arrest Plaintiff for sexually assaulting AC, the police had probable cause at the time they arrested Plaintiff, and Plaintiff's Fourth Amendment arrest claim fails.[4]

---

[4] This Court notes that there is no inconsistency between the aforesaid police report and the criminal complaints, which indicate that probable cause for the charges was based on Plaintiff's formal statement to the police after his arrest. Probable cause for arresting Plaintiff was AC's prior informal statements to Det. Dargan, but after Plaintiff made his statement to police, he gave them probable cause for the criminal complaints charging Plaintiff with several crimes.

B.  Incriminating Statement to Police

      Plaintiff asserts that police coerced him into making an incriminating statement on

October 17, 2008, after he was arrested and his request for an attorney was not honored.

      The Supreme Court's opinion in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), prohibits the

government from using "statements, whether exculpatory or inculpatory, stemming from

custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards

effective to secure the privilege against self-incrimination." <u>Id.</u> at 444.  <u>Miranda</u> requires that,

prior to a custodial interrogation, police must warn a person that he has a right to remain silent,

that anything he says can be used against him in a court of law, that he has the right to the

presence of an attorney, and that if he cannot afford an attorney, one will be provided.  <u>Id.</u> at 479.

The problem with Plaintiff's § 1983 claims based on his allegedly coerced statement is that

"questioning a plaintiff in custody without providing <u>Miranda</u> warnings is not a basis for a §

1983 claim as long as the plaintiff's statements are not used against [him] at trial." <u>Renda v.</u>

<u>King</u>, 347 F.3d 550, 557-58 (3d Cir. 2003); <u>see also</u> <u>Chavez v. Martinez</u>, 538 U.S. 760 (2003).

Because the Complaint and attachments do not support an inference that Plaintiff's statement has

been used against Plaintiff at trial to obtain a criminal conviction, Plaintiff's § 1983 claim based

on the statement fails.  <u>See</u> <u>Renda</u>, 347 F.3d at 559 (right against self-incrimination not violated

where police used statements obtained from a custodial interrogation where the plaintiff was not

warned of his <u>Miranda</u> rights as a basis for filing criminal charges, but charges were later

dismissed).  This Court will dismiss the claims for failure to state a claim upon which relief may

be granted.

C.  Negligent Investigation

　　　　Plaintiff complains that defendants negligently conducted the investigation, which

resulted in the filing of criminal complaints and an indictment against Plaintiff.  This § 1983

claim for negligent investigation fails because "[t]he obligation of local law enforcement officers

is to conduct criminal investigations in a manner that does not violate the constitutionally

protected rights of the person under investigation.  Therefore, whether the officers conducted the

investigation negligently is not a material fact.  Indeed, for Fourth Amendment purposes, the

issue is not whether information on which police officers base their request for an arrest warrant

resulted from a professionally executed investigation; rather, the issue is whether that

information would warrant a reasonable person to believe that an offense has been or is being

committed by the person to be arrested."  Orsatti v. New Jersey State Police, 71 F. 3d 480, 484

(3d Cir. 1995).  As the police report attached to the Complaint shows that the police had probable

cause to arrest Plaintiff (the prior statement of AC to Det. Dargan), the allegedly negligent

investigation by defendants does not in and of itself violate the Constitution.  This Court will

dismiss Plaintiff's § 1983 claims based on negligent criminal investigation.

D.  Malicious Prosecution

　　　　A claim of malicious prosecution for a particular crime under § 1983 "alleges the abuse

of the judicial process by government agents."  Gallo v. City of Philadelphia, 161 F.3d 217, 225

(3d Cir. 1998).  "To prove malicious prosecution under section 1983 when the claim is under the

Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding;

(2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without

probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the

plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept

of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d

Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006).  Although

defendants may have initiated a criminal proceeding against Plaintiff, Plaintiff's Complaint and

attachments do not show that the prosecution terminated in his favor, that the police lacked

probable cause to prosecute him, or that the defendants brought the charges maliciously.  Under

these circumstances, his malicious prosecution claim will be dismissed without prejudice for

failure to state a claim upon which relief may be granted.  See Baker v. Wittevrongel, 363 Fed.

App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F. 3d 181, 186-87 (3d Cir. 2009).

Because the claims against all named defendants fail, this Court is constrained to dismiss

the entire Complaint for failure to state a claim upon which relief may be granted.  This Court

will not grant leave to file an amended complaint because nothing set forth in the Complaint

indicates that Plaintiff could at this time assert facts that would state a cognizable claim under 42

U.S.C. § 1983 with respect to his arrest and prosecution.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in

forma pauperis and dismisses the Complaint.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: _Feb  3_____, 2011

13